UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**Kimberly Cole,**

    **Plaintiff,**

v.                                                                                    Case No.

**TRUIST FINANCIAL CORP.,**

    **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, **Kimberly Cole** ("Plaintiff"), by and through the undersigned counsel, hereby files this complaint against Defendant, **TRUIST FINANCIAL CORP.** ("Defendant") and alleges as follows:

## JURISDICTION AND VENUE

1. This is an action for damages and for declaratory relief, for violations of 29 USC §2601 *et seq.*, known as the Family and Medical Leave Act of 1993 ("FMLA").

2. This court has subject matter jurisdiction under 28 U.S.C. § 1331, and 42 U.S.C. § 2000e et seq.,

3. Venue is proper in the Middle District of Florida, because the events giving rise to this claim arose in Pasco County, which lies within the Middle District of Florida.

## PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. Defendant is authorized and doing business in the State of Florida.

## GENERAL ALLEGATIONS

6. Plaintiff has satisfied all conditions precedent.

7. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

8. Plaintiff requests a jury trial for all issues so triable.

9. At all times material hereto, Plaintiff was an employee of Defendant within the meaning of the FMLA.

10. At all times material hereto, Defendant was an "employer" within the meaning of the FMLA.

11. At all times material, Defendant acted with malice and with reckless disregard for Plaintiff's protected rights.

## FACTS

12. Plaintiff was employed by Defendant as a Branch Banker III from on or around April 3, 2006 until her unlawful termination on or around May 23, 2019.

13. During her tenure, Plaintiff was an exceptional performer for Defendant. Plaintiff never received any discipline or reprimands.

14. However, despite being an excellent employee, she was subjected to disparate treatment in the workplace as a result, was retaliated against by Defendant.

15. Plaintiff was subjected to disparate treatment based on her use of protected medical leave under the FMLA and was ultimately denied rights under the FMLA.

16. During her employment, Plaintiff applied for and was approved to take intermittent leave under the FMLA to care for her daughter.

17. However, despite being approved to take leave intermittently, Defendant frequently denied Plaintiff's attempts to exercise her FMLA rights.

18. Defendant intentionally discouraged Plaintiff from using FMLA leave and denied her requests for leave under the FMLA.

19. Plaintiff complained to Defendant about the FMLA interference and retaliation she had been subjected to in the workplace.

20. Defendant failed to take any remedial action.

21. Rather than address her concerns or allow her to exercise her rights under the FMLA, Defendant unlawfully terminated Plaintiff's employment.

22. Plaintiff was clearly subject to materially adverse employment action by Defendant.

23. Defendant took adverse employment action against Plaintiff for engaging in protected activity under the FMLA by terminating his employment.

24. Defendant's actions were willful and done with a reckless disregard for Plaintiff's rights under the FMLA.

25. Defendant's reason for terminating Plaintiff is pretext.

## COUNT I – FMLA INTERFERENCE

26. Plaintiff realleges and readopts the allegations of paragraphs 1 through 25 of this Complaint as though fully set forth herein.

27. Plaintiff was eligible for FMLA.

28. Defendant is a covered employer as defined by the FMLA.

29. Plaintiff took leave for a serious health condition under the FMLA.

30. Defendant interfered with, restrained, or denied Plaintiff the exercise of or the attempt to exercise Plaintiff's FMLA rights, including, denying to reinstate full benefits and conditions of her employment and terminating Plaintiff's employment.

31. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

32. Plaintiff was injured due to Defendant's willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(a) Enter a judgment that Defendant's interference of Plaintiff's rights was in violation of the FMLA;

(b) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(c) Direct Defendant to reinstate Plaintiff with full seniority to an equivalent position with back pay plus interest, pension rights and all benefits or, in the alternative, enter a judgment pursuant to 29 U.S.C. §2617(a)(1)(A)(i)(II) against Defendant and in favor of Plaintiff for the monetary losses Plaintiff suffered as a direct result of Defendant's violation of the FMLA;

(d) Award front pay to Plaintiff;

(e) Award liquidated damages to Plaintiff;

(f) Award reasonable attorney's fees and costs to Plaintiff; and

(g) Additional relief to which Plaintiff is entitled, including equitable relief.

## COUNT II - FMLA RETALIATION

33. Plaintiff re-alleges and readopts the allegations of paragraphs 1 through 25 of this Complaint as though fully set forth herein.

34. Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA.

35. Defendant retaliated against Plaintiff for exercising or attempting to exercise Plaintiff's FMLA rights by terminating Plaintiff.

36. Defendant's actions were willful, knowing and voluntary, and otherwise done with malice and/or reckless indifference for Plaintiff's rights.

37. Plaintiff was injured due to Defendant' willful violations of the FMLA, to which Plaintiff is entitled to legal and injunctive relief.

**WHEREFORE**, Plaintiff, requests that this arbiter:

(h) Enter a judgment that Defendant retaliated against Plaintiff because Plaintiff exercised or attempted to exercise Plaintiff's rights under the FMLA;

(i) Enjoin and permanently restrain Defendant from further violations of the FMLA;

(j) Award back pay to Plaintiff plus interest and all benefits;

(k) Award liquidated damages to Plaintiff;

(l) Award reasonable attorney's fees and costs to Plaintiff; and

(m) Additional relief to which Plaintiff is entitled, including equitable relief.

## JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues.

Dated this 29th day of December, 2021.

                                    Respectfully submitted,

                                    *s/ Chad. A. Justice*
                                    **CHAD A. JUSTICE**
                                    Florida Bar Number: 121559
                                    **JUSTICE FOR JUSTICE LLC**
                                    1205 N Franklin St
                                    Suite 326
                                    Tampa, Florida 33602
                                    Direct No. 813-566-0550
                                    Facsimile: 813-566-0770
                                    E-mail: chad@getjusticeforjustice.com
                                    **Attorney for Plaintiff**